## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**MICHAEL A. CATCHOT, SR., and**
**LUCILLE CATCHOT**                                                    **PLAINTIFFS**

**V.**                                              **CIVIL ACTION NO.1:06CV677 LTS-RHW**

**MICHAEL FELSHER and**
**NATIONWIDE INSURANCE COMPANY**                                  **DEFENDANTS**


### MEMORANDUM OPINION

The Court has before it the motion [8] of Plaintiffs Michael A. Catchot, Sr., and Lucille Catchot to remand.  The state court complaint alleges the following material facts:

During early 2005, Plaintiffs were insured under a policy issued by Nationwide Insurance Company (Nationwide).  Plaintiffs' insurance agent was Defendant Michael Felsher (Felsher).  The renewal premium on this policy was due on July 16, 2005. (Complaint Paragraph 6) From the amount of the premium ($319) I infer that this was a flood insurance policy.

The policy allowed a thirty-day grace period after the payment was due, and, within this grace-period, the premium could be paid without an interruption in coverage. (Complaint Paragraph 7)  None of the parties has seen fit to make the policy itself or the declarations page of this policy a part of the record, and therefore I am not in a position to determine whether these allegations are consistent with the policy provisions.

Plaintiff Michael A. Catchot, Sr. wrote a check for $319.00 to pay the premium on the Nationwide policy, and he delivered the check by dropping it into the mail slot at Felsher's office on either the morning of Thursday, August 11, 2005, or the morning of Friday, August 12, 2005.  This was the customary way that the plaintiffs had used to deliver premium payments to Felsher during the years they had been Nationwide customers. (Complaint Paragraph 8)

Felsher's normal business hours were from 9:00 a.m. until 5:00 p.m., Monday through Friday. (Complaint Paragraph 13)

Apparently, the plaintiffs' premium was either not delivered to or was not accepted by Nationwide within the grace period allowed by the policy.  This is also an

inference because neither the complaint nor the defendants' answers indicate the reason the premium was not accepted as a timely payment by Nationwide.

Nationwide negotiated the plaintiffs' check on August 17, 2005 (Complaint Paragraph 9), and the flood policy the plaintiffs were attempting to renew lapsed. (Complaint Paragraph 9)  Felsher procured a new policy for the plaintiffs, and the effective date for coverage under this policy was September 14, 2005, at the end of a thirty-day waiting period. (Complaint Paragraph 11)

Between the time the original policy lapsed and the date the new policy took effect, Hurricane Katrina damaged the plaintiffs' property.

Plaintiffs assert that the facts set out above give rise to a cause of action against Felsher for negligence, indeed for gross negligence. (Complaint Paragraph 16)

Felsher and Nationwide deny many of the material allegations of the Complaint, although both defendants admit that the premium in question was delivered to Felsher's Ocean Springs office.  Neither of the defendants has admitted that the premium was delivered on either of the dates alleged in the complaint.

Felsher is a Mississippi resident citizen, as are the plaintiffs.  If the plaintiffs have stated a valid cause of action against Felsher, this Court does not have subject matter jurisdiction under 28 U.S.C. §1332.

This case was removed from the Circuit Court of Jackson County, Mississippi, based upon the defendants' allegation that Felsher was fraudulently or improperly joined as a party defendant and that his citizenship could therefore be disregarded in ascertaining whether this action is removable under 28 U.S.C. §1446.  Nationwide's removal was also premised on an alternative theory which will be discussed below.

With respect to the issue of diversity jurisdiction, the sole question before me is whether, assuming the truth of the allegations made in the complaint, and granting the plaintiffs all favorable inferences of fact in support of their theory of recovery, the plaintiffs have a reasonable probability of establishing a right of recovery against Felsher individually.  In making this inquiry, I must not only accept all the substantive allegations of the Complaint as true and grant all inferences favorable to the plaintiffs' theory of recovery against Felsher, but I must also resolve all doubtful issues of law in favor of the plaintiffs.  *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000).

Mississippi law recognizes a duty of reasonable care owed by one who undertakes to act as an agent to procure insurance coverage.  If the plaintiffs can substantiate the allegations they have made against Felsher, there is at least a reasonable probability that they would state a cause of action for negligence under Mississippi law. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676

So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

If there was in fact a course of dealing between the plaintiffs and Felsher that had established the method of dropping premium payments through the mail slot at Felsher's office as an accepted way of paying policy premiums; if Felsher's normal business hours were from 9:00 a.m. until 5:00 p.m.; if the plaintiffs neither knew nor had reason to know that a premium delivered through the mail slot at Felsher's office during or before regular business hours would not be received and accepted as of the date it was delivered; if the premium in question was timely delivered by this method and on the dates alleged; if this payment was delivered within the policy grace-period; and if the payment was not handled by Felsher properly and in accordance with the standard of reasonable care that applies to his profession, the plaintiffs may be able to establish a prima facie case of negligence in support of their action against Felsher individually. These are all big ifs, and I certainly do not intend to suggest by these observations that I hold any opinion on the merits of the plaintiffs' claim against Felsher.

Deciding the merits of a claim based on allegations of negligence requires a fact-intensive inquiry, and the specifics of the practice established for the delivery of insurance premiums, the circumstances and timing of the delivery of the premium in question, and the other details surrounding this transaction may establish valid defenses to the plaintiffs' negligence claim against Felsher. Or, when the evidence is in, the plaintiffs may be able to meet their burden of proof on every essential element of this claim. Those are decisions that go to the merits of the plaintiffs' claim against Felsher individually, and these are decisions that must be made on a fully developed record.

Nationwide correctly points out that Felsher cannot, as a matter of law, be personally liable on the insurance contract the plaintiffs were attempting to keep in force nor on the insurance contract Nationwide issued to replace that policy. But the plaintiffs' allegations against Felsher are not claims for breach of the insurance contract. Plaintiffs allege that Felsher was negligent in receiving and handling the premium the plaintiffs allegedly delivered in a timely manner following a routine practice established by their past dealings with Felsher. These are allegations the plaintiffs have the burden of proving, but, at this juncture, the legal standard for determining whether there has been a fraudulent or improper joinder requires that the plaintiffs be given the benefit of the doubt on all of the factual issues they have alleged in support of their claim.

I am of the opinion that the allegations of the complaint charging Felsher with negligence are sufficient to withstand a motion to dismiss under Rule 12(b)(6), and this is essentially the same legal standard I must apply in ascertaining whether a fraudulent or improper joinder has occurred. Thus, I find that Felsher has not been fraudulently or improperly joined and that this Court lacks diversity jurisdiction of the plaintiffs' claim against Felsher under 28 U.S.C. §1332.

This does not, however, end the inquiry concerning the propriety of defendants' removal of this action.

Nationwide contends that even if there has been no fraudulent or improper joinder in this case, removal is proper and the Court has subject matter jurisdiction under 28 U.S.C. §1331. Nationwide contends that the plaintiffs' claims necessarily require an interpretation of the terms of the flood insurance policy that lapsed, and this is a domain of exclusive federal jurisdiction under 42 U.S.C. §4072.

As I appreciate the allegations of the complaint, plaintiffs contend that Felsher was negligent in his handling of the renewal of an existing policy of flood insurance (the old policy). As a result of this alleged negligence, the old policy, which was in effect prior to July 15, 2005, was allowed to lapse. A replacement policy (the new policy) was issued, but the new policy was not in effect at the time of Hurricane Katrina due to the thirty-day waiting period. Thus, the plaintiffs are not making a claim for policy benefits under the new policy because they do not contest the existence or validity of the thirty-day waiting period for coverage under the new policy. The plaintiffs are, however, making a claim that Nationwide owes them benefits under the old policy. As I appreciate the allegations of the complaint, the plaintiffs contend that they tendered and that Nationwide's agent, Felsher, received and accepted (constructively or actually) the premium necessary to renew the old policy within its grace period. Under this theory, the old policy did not lapse, but was instead renewed in accordance with its terms. In order to resolve this claim, it will be necessary to interpret the terms of the old flood policy, and this falls within exclusive federal jurisdiction under 42 U.S.C. §4072.

Recent cases have drawn a distinction between claims based on the failure to procure flood insurance coverage, which are outside the scope of exclusive federal jurisdiction, and claims based on the administration or adjustment of claims under existing flood insurance policies which are within the scope of exclusive federal jurisdiction. Compare *Landry v. State Farm Fire and Casualty Company*, 428 F.Supp.2d 531 (E.D.La.2006) on Motion To Alter or Amend Order or, in the Alternative, To Vacate Remand Order, *Landry v. State Farm Fire and Casualty Company*, 2006 WL 1593318 (E.D.La.2006) (Fallon, Judge), with *Newman v. Allstate Insurance* Co., 2006 WL 2632116 (E.D.La.) (Feldman, Judge) and See *Wright v. Allstate Insurance Co.*, 415 F.3d 384, 389 n. 3 (5th Cir. 2005); *Sullivan v. State Farm Fire and Casualty Co.*, 2006 WL 2119320 (E.D.La) (Barbier, Judge).

The private insurance companies that are authorized to sell and adjust flood insurance policies under the National Flood Insurance Program (known as "Write Your Own" or "WYO" insurers) are not authorized to amend or change the provisions of the flood policies they sell and adjust. Nor may a WYO company alter the requirements for renewal or cancellation. WYO companies, including in this case Nationwide, defend against claims under the flood policies they sell, but the United States of America, acting through the Federal Emergency Management Agency, reimburses them for defense costs and claims payments. Thus, the WYO insurers are fiscal agents of the United States of America. 42 U.S.C. §4071(a)(1)

The question whether this Court has subject matter jurisdiction under 28 U.S.C. §1331 depends on whether the plaintiffs are seeking a recovery under the old policy based on a theory that the delivery of the premium in the manner alleged in the complaint was within the grace period allowed by the terms of the policy, meaning that the old policy never "lapsed," but instead remained in force by virtue of its having been renewed by timely delivery of the renewal premium within the old policy's grace period. If so, this is a question of the proper administration of an existing flood policy, and it is not a question of procurement of flood coverage.  This determination must be made on a reading of the substance of the complaint and not merely on the basis of how the plaintiff has framed his legal theories.

The complaint does not make this specific allegation, nor does it articulate the particular legal theory that the old policy did not lapse.  But the complaint does allege all the material facts necessary to give notice, at least by inference, that this cause of action may exist, and the complaint does state, in the *ad damnum* clause:

"WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request this Court to award the Plaintiffs damages covered in the insurance policy which through the actions of the Defendants, Michael Felsher, and Nationwide Insurance Company, was allowed to lapse."

Giving this complaint a liberal reading, as I am required to do in deciding the merits of a motion to remand, I find that the complaint does at least arguably attempt to state a cause of action based on enforcement of the terms of the old policy.

Deciding the merits of this cause of action will inevitably require that the terms of the old policy related to its grace period and requirements for renewal be interpreted and applied to the facts of this case.  This interpretation issue is a matter of exclusive federal court jurisdiction under 42 U.S.C. §4072.

In these circumstances, I find that this Court has subject matter jurisdiction under 28 U.S.C. §1331, and I find that this Court has pendent jurisdiction over the plaintiffs' negligence claim against Felsher.

Accordingly, I will deny the plaintiffs' motion to remand.  An appropriate order will be entered.

**DECIDED** this 13th day of November, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge