UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHAEL A. CATCHOT, SR. and
LUCILLE CATCHOT                                                                            PLAINTIFFS

V.                                                         CIVIL ACTION NO.1:06CV677 LTS-RHW

MICHAEL FELSHER and
NATIONWIDE INSURANCE COMPANY                                              DEFENDANTS

### MEMORANDUM OPINION

The Court has before it the motion [66] of Michael Felsher (Felsher) and Nationwide Insurance Company (Nationwide) for summary judgment on the plaintiffs' state law claims for extra-contractual damages (punitive damages and attorneys' fees).

This case arose from flood damage that occurred during Hurricane Katrina. During early 2005, Plaintiffs' residence was insured under a standard flood insurance policy issued by Nationwide. Felsher was Plaintiffs' local insurance agent. The renewal premium on this policy was due on July 16, 2005. (Complaint Paragraph 6) The policy allowed a thirty-day grace period after the payment was due, and, within this grace-period, the premium could be paid without an interruption in coverage. (Complaint Paragraph 7) Beyond this grace period, a new policy would be issued with a thirty-day waiting period before coverage began.

There was some question whether the plaintiffs received a first notice that their premium was due, but it is undisputed that during early August the plaintiffs received a notice that their policy would soon lapse unless the renewal premium were paid. Acting on this notice, Plaintiff Michael A. Catchot, Sr. wrote a check for $319.00 to pay the renewal premium on the Nationwide flood policy, and he delivered the check by dropping it into the mail slot at Felsher's office on either the morning of Thursday, August 11, 2005, or the morning of Friday, August 12, 2005. This was the customary way that the plaintiffs had used to deliver premium payments to Felsher during the years they had been Nationwide customers. (Complaint Paragraph 8) Defendants have acknowledged that the plaintiffs' check was delivered in the time frame plaintiffs allege.

Because Felsher did not forward the Chachots' check for the renewal premium to Nationwide before the grace period expired, Plaintiffs' flood policy lapsed, and a new flood policy was issued with an effective date of September 14, 2005. Hurricane Katrina struck the Mississippi Gulf Coast on August 29, 2005, two weeks after the plaintiffs' old flood policy lapsed and two weeks before the plaintiffs' new flood policy took effect. The grace period and the time necessary for a new flood insurance policy are controlled by applicable federal regulations, and insurers cannot deviate from the rules established under these regulations.

After this suit was filed, Nationwide reevaluated plaintiffs' claims and the facts surrounding delivery of the flood insurance premium, and Nationwide reinstated the plaintiffs' original flood insurance policy with no interruption of coverage. Nationwide then paid, and Plaintiffs accepted, $85,583.08 in flood insurance benefits. This payment fully compensated the plaintiffs for the flood damage to their residence.

The question now before the Court is whether any of the plaintiffs' state law claims now remain viable. Plaintiffs have asserted several causes of action under state law: 1) for breach of fiduciary duty (against Felsher); 2) for breach of a duty of good faith and fair dealings (against Felsher); 3) for negligent training, monitoring and supervision of its agents (against Nationwide); and 4) for negligent infliction of emotional distress (against both Nationwide and Felsher).

Reinstatement of the plaintiffs' original flood insurance policy and payment of the plaintiffs' property damage claims under that policy satisfy the plaintiffs' claims against Nationwide for flood insurance coverage. The National Flood Insurance Act (NFIA) does not provide a private cause of action for negligence in the administration of a flood insurance policy, and NFIA preempts any state law cause of action that might otherwise arise from the actions of the insurer's representatives in administering flood insurance policies or handling flood insurance claims. 44 C.F.R. Part 61, App. A(1) Art. IX provides:

> *This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968 and Federal common law.*

State law causes of action are preempted, and Federal common law does not provide any additional remedy for negligence in the handling of a flood insurance claim. *Wright v. Allstate Insurance Co.*, 415 F.3d 384 (5th Cir.2005) following remand *Wright v. Allstate Insurance Co.*, 2007 WL 2636725 (5th Cir.2007).

Plaintiffs contend that their cause of action is for failure to procure a flood policy. If this were the case, their state law claims would not be preempted. Plaintiffs take the position that they have never sought benefits under their original policy, but only damages for the defendants' failure to secure the replacement policy in a timely and expeditious manner. Given the undisputed facts, this contention is not tenable. If the plaintiffs' renewal premium was tendered in a timely fashion (and it appears undisputed that it was), the plaintiffs would be entitled to have their original policy reinstated without an interruption in coverage, and the plaintiffs would have coverage under the original policy for their flood damage. This is exactly what appears to the Court to have happened.

Since all of the acts taken by the defendants were part of the administration of an existing flood insurance policy and the adjustment of losses under that policy, the plaintiffs' state law claims are preempted. The motion for summary judgment will be granted. An appropriate order will be entered.

**DECIDED** this 20th day of December, 2007.

            s/ L. T. Senter, Jr.
            L. T. SENTER, JR.
            SENIOR JUDGE